# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KARLA WOOTEN,

    Petitioner,

v.                                      Case No. 4:20-cv-263-WS-MJF

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Karla Wooten, a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The undersigned concludes that the petition should be dismissed for lack of jurisdiction.[1]

## I. Background and Procedural History

Wooten is an inmate of the Florida Department of Corrections currently confined at Lowell Correctional Institution Annex in Ocala, Florida. (Doc. 1). Wooten is in custody under the judgment and sentence of the Circuit Court for Hillsborough County, Florida, having been convicted of various crimes in Case Nos.

---

[1] The court referred this matter to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).

2007-CF-619 and 2007-CF-3296. (*Id.*). Wooten is challenging her convictions and sentences on the grounds that the trial court utilized an impermissible sentencing factor; her convictions were obtained through false testimony; and her trial counsel was constitutionally ineffective. (*Id.*).

## II.   Discussion

All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254 by persons in state custody, are governed by 28 U.S.C. § 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Under § 2241(a), federal district courts may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). For a person who is "in custody under the judgment and sentence of a [s]tate court" and who wishes to file a § 2254 application, § 2241(d) specifies the "respective jurisdictions" where the application may be filed. The state prisoner may file her application in the federal district (1) "wherein s[he] is in custody"; or (2) "within which the [s]tate court was held which convicted and sentenced h[er]." 28 U.S.C. § 2241(d).

Wooten is in custody in the Middle District of Florida. The state court which convicted and sentenced her is in the Middle District. The United States District Court for the Northern District of Florida, therefore, lacks jurisdiction to consider Wooten's § 2254 petition. *See* 28 U.S.C. § 2241(d); *see also, e.g., Rameses v. U.S. Dist. Court*, 523 F. App'x 691 (11th Cir. 2013) (dismissing a state prisoner's § 2254

petition filed in Florida federal court for lack of jurisdiction where the prisoner was incarcerated in California and was challenging his California state-court convictions).

### III.  Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). Here, Petitioner has not made the requisite

demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1), be **DISMISSED** without prejudice for lack of jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 19th day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.